H. H. FISHER, Theodore Thompson, James Shaw, Harold Alm and Esther Parker, Plaintiffs and Appellants,

v.

Gladys PEDERSON, County Auditor of Ward County North Dakota, City of Minot, a Municipal Corporation, R. E. Barcus, City Auditor of City of Minot, North Dakota, Defendants and Respondents.

No. 7788.

Supreme Court of North Dakota.

Dec. 30, 1959.

E. J. McIlraith, Minot, for appellants.

Bosard, McCutcheon & Coyne, Minot, for respondents.

BURKE, Judge.

In this action plaintiffs asked for a judgment declaring that the special assessments, to finance the purchase and improvement of a parking lot in Parking District No. 1 in the City of Minot, were void, and for an injunction prohibiting the collection of such special assessments. Although the title of the action contains no reference to parties other than those specifically named, it was alleged in the complaint, that the plaintiffs are owners of property in Parking District

No. 1 and bring this action on behalf of themselves and all others similarly situated. It was alleged in the complaint that the special assessment commission of the City of Minot in assessing the benefits which would accrue to the lots in the parking district did so on the basis of proximity to the parking lots and the foot frontage of each lot. It was also alleged that the result of this method of assessment "is that those who will receive no special benefit, or very small benefits will be assessed the same amount against their property as those who will receive great benefits and this creates a disparity of assessment which was not contemplated by the statute." There is no allegation in the complaint that the property of any of the named plaintiffs will not receive benefits equal to the assessed benefits nor that the special assessments levied or to be levied against their respective properties are or will be excessive by reason of the alleged inequality of assessment.

Upon trial of the action the trial court found that there was no common cause or community of interest among all of the property owners of the special assessment district and that the cause therefore was not a proper one for a property owners class action. The court also found that none of the specifically named plaintiffs had alleged or proved that their benefit assessments exceed the actual benefits to their respective properties nor that their assessments are any greater than they would have been, had the assessments been made upon a basis of exact equality. Upon the basis of these findings the court entered judgment, dismissing the action. The plaintiffs have appealed from the judgment and have demanded a trial anew in this court.

The first question for consideration is whether this suit may properly be considered as a class action. It is alleged in the complaint that the method adopted by the special assessment commission in assessing benefits to the several tracts of property in the improvement district re-

sulted in inequality of assessment. The proof in the case established that vacant lots, lots used exclusively for residence purposes, parking lots and lots occupied by vacant buildings were assessed at exactly the same amount per square foot as were lots upon which theaters, hotels, and large commercial enterprises were located. It was therefore alleged and proved, if all the inferences which plaintiffs would have us draw are justified, that some property was assessed at more than its just share of the cost of the improvement and other property at considerably less than its just share. It would also follow that the property lying between the two extremes would be assessed an amount which in different degrees approximated a just share. There is no allegation or proof that the overall assessment was excessive or unauthorized. Upon the basis of the allegations of the complaint and the proof it appears that there is no community of interest among the property owners of the district. If the plaintiffs were to have their way, some owners would be assessed at a lesser amount, and others would be assessed at a much greater amount and many, possibly the majority, would be assessed at the same amount. It follows that the interests of some of the owners are adverse to those of other owners and that some owners have no actual interest in the action.

As stated in American Jurisprudence.

"The rule is that a party undertaking or designated to sue or defend as representative of a class must have a right or interest in common with the persons represented and this fact must appear from plaintiff's allegations of proof." 39 Am.Jur. (Parties, Sec. 47) 921, 922.

In Corpus Juris Secundum it is stated:

"A number of persons similarly situated may join in an action in behalf of themselves and others so similarly situated for relief against conduct which affects them all the same way. * * * A representative action can-

not be maintained by joint plaintiffs whose interest are antagonistic, and where one of them has interests adverse to those of the class for whose benefit the action is brought." 67 C.J. S. Parties, § 14, p. 928.

Since plaintiff's allegations are to the effect that some property owners were benefited and others were damaged by the alleged illegal conduct of the commission, the decision of the trial court that this was not a proper class action was correct.

Although no special injury to the named plaintiffs was pleaded, nor any individual relief prayed for in the complaint, the trial court considered the question of whether special injury had been established by any of the plaintiffs. Upon such consideration he found the evidence insufficient to establish any such injuries. This finding has been challenged in so far as the plaintiffs, Esther Parker, Theodore Thompson and James Shaw are concerned. Passing the question of whether this issue was properly before the court upon the pleadings, we shall consider the finding by the trial court thereon.

The proof conformed substantially to the allegations of the complaint. It was established that the special assessment was made upon the basis of proximity and area. All lots in the same proximity zones were assessed at the same rate per square foot. There are 205 separate properties in the district. There are 35 vacant lots, 30 family homes, 2 unoccupied buildings, 6 oil stations, 2 theaters, 15 lots used for automobile parking, 30 businesses employing less than 5 persons and 130 businesses employing 5 or more persons.

Esther Parker owns no property in the district. She rents certain lots in the district from a corporation in which she is a stockholder, and operates two parking lots thereon. Her lease will expire in 1966. She testified that the establishment of the city parking lot has hurt her business. She did not testify as to any facts or figures such as income before and after the es-

tablishment of the parking lot to substantiate her claim of injury.

Theodore Thompson owns a new brick fireproof building. The ground floor of this building is used for a mortuary and funeral chapel. The upper floors are apartments. In connection there are parking facilities for from 8 to 10 cars.

James Shaw owns a large modern brick building three stories in height. The ground floor is used for a garage. On the second floor is a bowling alley and on the third floor there are apartments. This building occupies all of two 25 foot lots and the rear 50 feet of the adjoining two 25 foot lots. The front of the lot immediately next to the garage is vacant and the front of the other is occupied by a concrete block building 25 feet by 40 feet. This building is used for a shoe shining parlor. Each of these 25 foot lots was assessed at the same amount.

Since Esther Parker owns no property in the improvement district it is clear that she has suffered no special damage by reason of the assessment. Her claim of right to maintain the action rests on the fact that she is a stockholder in a corporation which owns the parking lots she leases. This is not sufficient. An individual ordinarily may not sue on behalf of a corporation in which he is a stockholder. 18 C.J.S. Corporations § 559, pp. 1272–1275; Seitz v. Michel, 148 Minn. 80, 181 N.W. 102, 12 A.L.R. 1060.

In so far as the plaintiffs, Thompson and Shaw are concerned it is argued, "Obviously they have been injured since they do not receive the same benefit as the Clarence Parker Hotel, Ellison's Store, Penny's, Montgomery Ward, First Avenue Building with 24 tenants and others." The record shows that these plaintiffs operate substantial businesses of such a nature that their customers would find the public parking lot a convenience and it might just as well be argued that their lots have been assessed too little because it is obvious that they will receive a greater benefit than the 35 vacant lots, the 30 family homes and the 2 unoccupied buildings.

This case was tried on the theory of a general public injury by reason of an overall inequality of assessment. It is clear that no special injury was shown. The judgment of the district court is therefore affirmed.

SATHRE, C. J., and MORRIS, J., concur.