Filed 2/26/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 30

Roland Riemers, Plaintiff and Appellant

v.

Alvin A. Jaeger, as Secretary of 

State of North Dakota, Defendant and Appellee

No. 20120353

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lawrence E. Jahnke, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Roland Riemers, self-represented, P.O. Box 14702, Grand Forks, N.D. 58208, plaintiff and appellant.

Douglas A. Bahr, Solicitor General, 500 North 9th Street, Bismarck, N.D. 58501-4509, for defendant and appellee.

Riemers v. Jaeger

No. 20120353

Crothers Justice.

[¶1] Roland Riemers appeals from a district court order denying his petition for a writ to require Secretary of State Alvin Jaeger to remove the Republican and Democratic-NPL party candidates for governor and lieutenant governor from the ballot for the November 2012 general election, or alternatively, to require the Secretary of State to place him on that ballot as the Libertarian party candidate for governor.  We affirm. 

I

[¶2] In April 2012, the Libertarian party of North Dakota endorsed Riemers as its candidate for governor and Richard Ames as its candidate for lieutenant governor for the 2012 election.  According to Riemers, both candidates filed separate certificates of endorsement and statements of interests with the Secretary of State to place their names on the ballot for the June 2012 primary election, but Ames did not submit a signature page with his statement of interests.  
See
 N.D.C.C. § 16.1-09-02 (stating “[e]very candidate for elective office shall sign and file the statement of interests as required by this chapter”).  The Secretary of State placed Riemers’ name on the primary ballot as the Libertarian candidate for governor, but Ames’ name was not placed on that ballot.  After Riemers received enough votes in the June primary election to qualify for placement on the ballot for the November general election, the Secretary of State asked the Attorney General whether Riemers had been nominated as a candidate for governor according to state law and whether he was eligible for certification on the general election ballot without an accompanying candidate for lieutenant governor.  

[¶3] In July 2012, the Attorney General issued a written opinion, ruling Riemers was not nominated for governor according to state law because the requirement of N.D. Const. art. V, § 3 for a joint ballot for governor and lieutenant governor was not satisfied.  N.D. Att’y Gen. Op. 2012-L-07.  The Attorney General’s opinion also cited N.D.C.C. § 16.1-11-06(2), providing “[i]f the [nominating] petition or certificate of endorsement is for the office of governor or lieutenant governor, the petition or certificate must contain the names and other information required of candidates for both those offices.”  The Attorney General explained:

“This language requires two things.  First, the gubernatorial candidate’s certificate of endorsement or nominating petition should have mentioned the name of a candidate for Lieutenant Governor together with the ancillary information such as the appropriate address, telephone number, title of office, and party (which it did not).  Second, a candidate for Lieutenant Governor would have had to file a certificate of endorsement or nominating petition together with all the required information including certain information regarding the candidate for Governor.  This provision of the law was likewise not followed. Because, in this instance, there was no candidate for Lieutenant Governor on the primary election ballot and because the gubernatorial candidate for the Libertarian Party (who did appear on the primary election ballot) did not name a running mate and other pertinent information required of candidates for both those offices in the nominating petition or certificate of endorsement, the Libertarian Party candidate for Governor was not nominated in accordance with North Dakota law.

“‘North Dakota law generally differentiates between a primary election and a general election.’  Persons properly nominated at a primary election in accordance with the provisions of N.D.C.C. ch. 16.1-11 are eligible as candidates to be voted for at the ensuing general election. However, because the gubernatorial candidate for this party was not nominated in accordance with N.D.C.C. § 16.1-11-06(2), he was not properly nominated and thus not eligible as a candidate for the ensuing November general election.”  

N.D. Att’y Gen. Op. 2012-L-07 (footnotes omitted).

[¶4] The Secretary of State followed the Attorney General’s opinion and did not certify Riemers for the November general election ballot as the Libertarian candidate for governor.  According to Riemers, he asked the Secretary of State to provide him with copies of the certificates of endorsement for the Republican and Democratic candidates for governor and lieutenant governor and the certificates of endorsement provided to him separately listed the respective candidates for governor and lieutenant governor for those parties without referencing information about a running mate.  
See
 N.D.C.C. §§ 16.1-11-09 and 16.1-11-10 (statutory form for certificate of endorsement and accompanying affidavit).  In correspondence with the Secretary of State, Riemers claimed those separate certificates of endorsement violated the mandatory language of N.D.C.C. § 16.1-11-06(2) and those candidates also should be removed from the general election ballot.

[¶5] The Secretary of State informed Riemers that those candidates’ certificates of endorsement were properly filed under state law:

“I have attached PDF 2923.  On page 1, it states that a candidate or candidates (in case of Gov/Lt Gov) have one of two choices to have their names placed on the Primary Election Ballot.  If they select the petition method (which, is the same form that is required of Independent candidates for Governor/Lt Governor for the General election), the name of the Lt Governor candidate must be listed on the petition prior to its circulation.

“If they select the Certificate of Endorsement method, then a separate SFN 17196 is filed for both the Governor candidate and the Lt Governor candidate.  They are not listed together on one form, as is the case with the petition method.  Each candidate separately files an Affidavit of Candidacy and a Statement of Interests form.  These are the same forms required of the candidates that selected the petition method.

“SFN 02704 and SFN 17196 are different forms and are used, as dictated by the selection made by the candidates, i.e., petition or endorsement.

“For the primary election, the respective candidates for the Republican Party and Democratic/NPL Party selected the Endorsement method.  Their papers related to that selection were properly filed according to state law.  Subsequently, they were nominated in the primary election to be listed under the name of their political party for the November ballot.  The selected names for the respective parties are automatically advanced and they do not have to file any further forms.  This is the same option that is available for Governor/Lt Governor candidates representing any other political party.”  

[¶6] Riemers thereafter submitted sufficient signatures to the Secretary of State for certification on the November general election ballot as an independent candidate for governor, with Anthony Johns as his accompanying candidate for lieutenant governor.  On September 10, 2012, the Secretary of State certified the candidates for the general election ballot under N.D.C.C. § 16.1-12-04(1), including the Republican and Democratic candidates for governor and lieutenant governor and Riemers and Johns as independent candidates for those offices.  

[¶7] On September 10, 2012, after filing the petition in this proceeding in the district court on August 30, 2012 and being informed a previous attempt to serve the petition on the Secretary of State by certified mail was insufficient under N.D.R.Civ.P. 4(d)(2), Riemers personally served an Assistant Attorney General with the  petition for a writ of mandamus, a writ of prohibition, a writ of quo warranto, and for preventive or declaratory relief.  Riemers named the Secretary of State as the respondent and asked the district court to require the Secretary of State to remove the Republican and Democratic candidates for governor and lieutenant governor from the November general election ballot for failure to file a joint certificate of endorsement for the primary election.  Riemers alternatively sought an order requiring the Secretary of State to place his name on the general election ballot as the Libertarian candidate for governor with Anthony Johns as the Libertarian candidate for lieutenant governor.  Riemers also sought an order directing the Secretary of State to stop discriminating against minor party and independent candidates.  

[¶8] Based on the documents filed by the parties, the district court denied Riemers’ requests for relief, finding he had shown no clear legal right to a writ of mandamus to remove the Republican and Democratic candidates for governor and lieutenant governor from the November general election ballot or to place him on that ballot as the Libertarian candidate for governor.  The court found the Secretary of State properly relied on N.D. Att’y Gen. Op. 2012-L-07 in not placing Riemers on the general election ballot as the Libertarian candidate for governor because he did not have an accompanying Libertarian candidate for lieutenant governor.  The court said Riemers was not entitled to quo warranto relief and denied his claim for injunctive relief, stating, “Other than bare allegations, however, [he] has presented no credible evidence that the North Dakota Secretary of State has engaged in discriminatory behavior against him or anyone else.”  

II

[¶9] Riemers identifies several issues for review, including that the district court erred in finding he presented only bare allegations and no credible evidence the Secretary of State had engaged in discriminatory conduct or exceeded his authority, that the court erred in finding he presented no law requiring removal of the Republican and Democratic candidates for governor and lieutenant governor from the general election ballot, that he should not have been removed from the general election ballot as the Libertarian candidate for governor and that it is not too late to remove the Republican and Democratic candidates from the general election ballot.  Riemers claims N.D.C.C. § 16.1-11-06(2) requires certificates of endorsement for candidates for governor and lieutenant governor from the same party to “contain the names and other information required of candidates for both those offices” and because the certificates  from the Republican and Democratic candidates for those offices did not include information about the candidates for 
both
 those offices, the certificates did not comply with the law.  Riemers therefore claims the district court should have ordered the Secretary of State to remove those candidates from the general election ballot.  He alternatively claims the Secretary of State should not have removed him from the general election ballot as the Libertarian candidate for governor.  He claims the Secretary of State’s conduct in requesting an Attorney General’s opinion regarding his ballot status and by not requesting an opinion about the ballot status of the Democratic and Republican candidates was discriminatory.  We review Riemers’ arguments within the procedural framework of his claims for a writ of mandamus, a writ of prohibition, a writ of quo warranto and for preventive relief.

[¶10] A district court may issue a writ of mandamus “to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”  N.D.C.C. § 32-

34-01.  It is well established that a “petitioner for a writ of mandamus must demonstrate a ‘clear legal right’ to performance of the particular act sought to be compelled by the writ” and “must further demonstrate there is no other plain, speedy, and adequate remedy in the ordinary course of law.”  
Eichhorn v. Waldo Twp. Bd. of Supervisors
, 2006 ND 214, ¶ 19, 723 N.W.2d 112.  

[¶11] A “writ of prohibition is the counterpart of the writ of mandamus [and] arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person.”  N.D.C.C. § 32-35-01.  A “writ of prohibition may be issued . . . to an inferior tribunal, or to a corporation, board, or person in any case, if there is not a plain, speedy, and adequate remedy in the ordinary course of law.”  N.D.C.C. § 32-

35-02.  

[¶12] A district court’s decision to issue a writ of mandamus or a writ of prohibition is discretionary, and the court’s denial of those writs will not be overturned on appeal absent an abuse of discretion.  
Old Broadway Corp. v. Backes
, 450 N.W.2d 734, 736 (N.D. 1990).  “A [district] court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law.”  
MayPort Farmers Co-op v. St. Hilaire Seed Co., Inc.
, 2012 ND 257, ¶ 8 (quoting 
McGhee v. Mergenthal
, 2007 ND 120, ¶ 9, 735 N.W.2d 867).  

[¶13] Rule 65, N.D.R.Civ.P., describes the “framework for injunction procedure in North Dakota.”  N.D.R.Civ.P. 65, Explanatory Note.  As the Explanatory Note recognizes, “[g]rounds for granting a permanent injunction are listed in N.D.C.C. § 32-05-04” and “[g]rounds for granting a temporary restraining order or preliminary injunction are listed in N.D.C.C. § 32-06-02.”  N.D.R.Civ.P. 65, Explanatory Note. Under N.D.C.C. § 32-05-03, “[p]reventive relief consists in prohibiting a party from doing that which ought not to be done” and “is granted by injunction, temporary or final.”  A “final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant . . . [w]hen pecuniary compensation would not afford adequate relief; [or w]hen it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.”  N.D.C.C. § 32-05-

04(1) and (2).  “An injunction cannot be granted . . . to prevent the execution of a public statute by officers of the law for the public benefit [or] to prevent the exercise of a public or private office in a lawful manner by the person in possession.”  N.D.C.C. § 32-05-05(4) and (6).  
See
 
Frey v. City of Jamestown
, 548 N.W.2d 784, 787 (N.D. 1996) (injunctive relief appropriate if municipality fails to comply with statutory procedures for annexation and zoning, but not to test wisdom of annexation or zoning decision).  In 
Ennis v. Dasovick
, 506 N.W.2d 386, 392 (N.D. 1993) (quotation and citations omitted), this Court discussed requirements for injunctive relief:

“A writ of injunction under N.D.C.C. Chapter 32-06 is the correlative of the writ of mandamus under N.D.C.C. Chapter 32-34; the former restrains action while the latter compels action.  We have recognized the availability of injunction in several governmental contexts.  In 
Ferch v. Housing Authority of Cass County
, 79 N.D. 764, 790, 59 N.W.2d 849, 866 (1953), we specifically recognized that public officers could be compelled to comply with the law ‘through mandamus, or mandatory injunction buttressed by contempt proceedings.’  The effect of the two procedures is essentially the same.

“Requesting relief through an injunction instead of mandamus does not justify dismissal of a complaint.  Under either procedure, the plaintiff must have a clear legal right to the performance of the act and there can be no plain, speedy and adequate remedy in the ordinary course of law.  ‘The law must not only authorize the act, but it must require it to be done.’”

[¶14] Section 32-13-01, N.D.C.C., provides that the “remedies formerly attainable by the . . . writ of quo warranto, and proceedings by information in the nature of quo warranto may be obtained by civil action in the district court under the provisions of [N.D.C.C. ch. 32-13].”  This Court held the predecessor of N.D.C.C. ch. 32-13 did not repeal or abolish the writ of quo warranto, but provided an additional method in a civil action to obtain the remedies formerly attainable by that writ.  
See
 
State ex rel. Sathre v. Roberts
, 67 N.D. 92, 95-97, 269 N.W. 913, 915-16 (1936).  Section 32-13-

03(1), N.D.C.C., authorizes a civil action when any person unlawfully holds a public office.  
See
 
Walker v. Weilenman
, 143 N.W.2d 689, 695 (N.D. 1966) (stating action by quo warranto available to test right of person to hold office); 
State ex rel. Sathre v. Byrne
, 65 N.D. 283, 291, 258 N.W. 121, 125 (1934) (stating quo warranto available as remedy in proceeding involving right to hold office).  
See also
 65 Am. Jur. 2d 
Quo Warranto
 § 1 (2011) (“The common-law remedy of quo warranto is employed either to determine the right of an individual to hold public office or to challenge a public official’s attempt to exercise some right or privilege derived from the state.”) (footnotes omitted). 

 

A

[¶15] Within the procedural framework of judicial remedies sought by Riemers, we consider his specific claims.  He argues the district court erred in finding he presented no statutory authority or case law requiring the Secretary of State to remove the Republican and Democratic candidates for governor and lieutenant governor from the November general election ballot.  He argues the language in N.D.C.C. § 16.1-11-

06(2) is clear and requires certificates of endorsement of candidates for governor or lieutenant governor to include required information for both candidates:

“
If the [nominating] petition or certificate of endorsement is for the office of governor or lieutenant governor, the petition or certificate must contain the names and other information required of candidates for both those offices.
  If the petition or certificate of endorsement is mailed, it must be in the possession of the secretary of state before four p.m. of the sixtieth day before the primary election.”  (Emphasis added.)

Despite not including those candidates as parties in this action, Riemers claims neither the Republican nor the Democratic candidates for governor and lieutenant governor complied with N.D.C.C. § 16.1-11-06(2) and the Secretary of State should have removed the candidates from the general election ballot.

[¶16] The record in the district court includes the Republican gubernatorial candidate’s affidavit of candidacy and the Democratic gubernatorial candidate’s certificate of endorsement.  However, the district court record does not include the certificates of endorsement of the Republican candidates for governor and for lieutenant governor and the Democratic candidate for lieutenant governor.  A petitioner for a writ of mandamus, a writ of prohibition or a writ of injunction must demonstrate a clear legal right to the performance of an act, and we review a district court’s decision denying those writs for an abuse of discretion.  
See
 
Eichhorn
, 2006 ND 214, ¶¶ 19-20, 723 N.W.2d 112; 
Ennis
, 506 N.W.2d at 392; 
Old Broadway
, 450 N.W.2d at 736.  “When the record [on appeal] does not allow for intelligent and meaningful review of an alleged error, the appellant has not carried the burden of demonstrating reversible error.”  
Olson v. Griggs County
, 491 N.W.2d 725, 732 (N.D. 1992).

[¶17] Because the record presented to the district court does not include the certificates of endorsement of the Republican candidates for governor and lieutenant governor and the Democratic candidate for lieutenant governor, Riemers failed to establish a factual basis requiring the Secretary of State to remove the Republican and Democratic candidates for governor and lieutenant governor from the November general election ballot.  We conclude the district court did not act arbitrarily, unreasonably or unconscionably  in deciding Riemers failed to establish a clear legal right to have the Secretary of State remove the Republican and Democratic candidates for governor and lieutenant governor from the November general election ballot.  The court’s decision “in light of all documentation filed by both parties to date” is the product of a rational mental process leading to a reasoned decision and is not a misinterpretation or misapplication of the law.  The court did not abuse its discretion in denying Riemers’ request for a writ to remove those candidates from the general election ballot.

B

[¶18] Riemers alternatively claims he should have been reinstated to the general election ballot as the Libertarian candidate for governor, with Johns as his lieutenant governor candidate.

[¶19] The initial Libertarian candidate for lieutenant governor, Ames, did not provide the Secretary of State with a signed statement of interests required by N.D.C.C. § 16.1-09-02, and he was not placed on the primary ballot.  As a result, no Libertarian candidate for lieutenant governor was on the primary ballot and nominated for certification to the general election ballot.  It also is undisputed that Riemers was listed on the primary ballot as the Libertarian candidate for governor without an accompanying running mate for lieutenant governor.  While a questionable result, that question is not before us and we express no opinion about the propriety of including Riemers on the primary ballot without an accompanying Libertarian candidate for lieutenant governor.  Riemers was not removed from the primary ballot as the Libertarian candidate for governor; rather, the Secretary of State followed the Attorney General’s written opinion and did not certify Riemers for the general election ballot under N.D. Const. art. V, § 3, without a constitutionally required running mate for lieutenant governor.  
See
 N.D. Att’y Gen. Op. 2012-L-07. 

[¶20] This Court has said that “when any constitutional or other legal question arises regarding the performance of an official act[, the state officials’] duty is to consult with the attorney general and be guided by the opinion [the attorney general], if requested to do so, must give them.”  
State ex rel. Johnson v. Baker
, 74 N.D. 244, 259, 21 N.W.2d 355, 364 (1945).  
See also
 N.D.C.C. § 54-12-01(6) (stating the Attorney General “shall [c]onsult with and advise the governor and all other state officers and when requested give written opinions on all legal or constitutional questions relating to the duties of such officers”).  An Attorney General’s opinion is entitled to respect if persuasive.  
Riemers v. City of Grand Forks
, 2006 ND 224, ¶ 11, 723 N.W.2d 518.  If state officials follow the opinion, it protects the officials until a court decides the issue.  
Johnson
, 74 N.D. at 259, 21 N.W.2d at 364.  If state officials fail to follow the opinion, however, the officials act at their peril.  
Id.
  

[¶21] The Attorney General’s interpretation of the mandatory constitutional requirement of N.D. Const. art. V, § 3 is persuasive, and the Secretary of State correctly applied that opinion.  We conclude Riemers failed to demonstrate a clear legal right to be certified for the general election ballot as the Libertarian candidate for governor and the district court did not abuse its discretion in denying his petition for a writ to require the Secretary of State to certify his name for that ballot as the Libertarian candidate for governor.

C

[¶22] To the extent Riemers sought a writ of quo warranto, the district court did not err in dismissing his proceeding.  Issues about the right to hold office are the proper subject of quo warranto or a proceeding under N.D.C.C. ch. 32-13.  
See
 
State ex rel. Sathre v. Moodie
, 65 N.D. 340, 344, 258 N.W. 558, 559 (1935); 
Byrne
, 65 N.D. at 291, 258 N.W. at 125.  
See also
 65 Am. Jur. 2d 
Quo Warranto
 § 1.  No issue is raised in the posture of this proceeding about any person’s right to hold office, and we agree with the district court’s statement “the remedy [Riemers] seeks by his averment [was] not presently available to him under N.D.C.C. Ch. 32-13.”

D

[¶23] Riemers claims the district court erred in denying his request to enjoin the Secretary of State from discriminating against third party and independent candidates for public office.  He claims the Secretary of State discriminated against him by requesting an Attorney General’s opinion to remove him from the general election ballot as the Libertarian candidate for governor, and by not requesting an Attorney General’s opinion about the Republican and Democratic candidates’ failure to file a joint statement under N.D.C.C. § 16.1-11-06(2).

[¶24] Section 54-12-01(6), N.D.C.C., contemplates that the Attorney General shall give a written opinion on legal and constitutional issues relating to the duties of state officials “when requested.”  
See
 
Johnson
, 74 N.D. at 259, 21 N.W.2d at 364.  However, neither that statute nor 
Johnson
 requires a state official to request a written Attorney General’s opinion for all issues that may arise during the official performance of public duties.  Nor has Riemers cited any law requiring a state official  to request a written opinion for all legal questions that may arise during the course of the official’s discharge of public duties.  As this Court recognized in 
Johnson
, state officials will be protected if they request an opinion and follow it, and they act at their peril if they do not follow that procedure.  
Id.
  

[¶25] Moreover, Riemers’ claim for injunctive relief broadly sought to stop the Secretary of State from discriminating against minor party and independent candidates.  Although the Secretary of State may not unlawfully discriminate against individuals or entities, injunctive relief must “state its terms specifically” and “describe in reasonable detail . . . the acts restrained or required.”  N.D.R.Civ.P. 65(g)(2)(A)(i) and (ii).  Other courts construing language similar to N.D.R.Civ.P. 65(g)(2)(A)(i) and (ii) have recognized that broad injunctive language requiring a party to obey the law may be struck because entities against whom an injunction is issued are entitled to a fair and precisely drawn notice of the injunctive prohibitions.  
See
 
Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.
, 824 F.2d 665, 669 (8th Cir. 1987) (applying F.R.Civ.P. 65).  The district court did not err in denying Riemers’ request to enjoin claimed discrimination by the Secretary of State.  

III

[¶26] We affirm the district court order.  

[¶27] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

VandeWalle, Chief Justice, concurring.

[¶28] 
I
 concur in the result reached by the majority opinion.  I write separately to note that if the record is sufficient to conclude that the certificate of endorsement of the Republican candidates for governor and lieutenant governor did not contain the names of the candidates on one certificate of endorsement and the certificate of endorsement of the Democratic candidates for governor and lieutenant governor did not contain the names of the candidates on one certificate of endorsement, and if the applicable constitutional and statutory provisions require that the names of the candidates for both offices be named on one certificate of endorsement, I would nevertheless conclude that Riemers is not entitled to relief because his petition for that relief came too late.  The appropriate time to request the relief to have the Republican and Democratic nominees’ names removed from the ballot was before the primary election, not after the electorate had voted in that election.  
See
 N.D. Const. art. III, § 7 (providing that if a decision of the secretary of state with regard to an initiative or referral petition is being reviewed at the time the ballot is prepared, the measure is to be placed on the ballot “and no court action shall invalidate the measure if it is approved at the election by a majority of the votes cast thereon”).

[¶29] Nor is it material that Riemers’ name appeared on the ballot as a candidate for governor when it should not have been on the ballot without a candidate for lieutenant governor.  Presumably if the Libertarian candidate for lieutenant governor had completed the statement of interest his name and Riemers would also have appeared together on the ballot under the Libertarian column.  These facts were known before the primary election and the appropriate time to raise these issues was before the primary election.

[¶30] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom