2014 ND 233

Paul J. SORUM, 2012 Independent Candidate for Governor of North Dakota, Petitioner and Appellant

v.

Jack DALRYMPLE, Governor of North Dakota and Drew Wrigley, Lt. Governor of North Dakota and Ryan Taylor, 2012 Dem. Candidate for Governor of ND and Ellen Chaffee, 2012 Dem. Candidate for Lt. Governor of ND and Al Jaeger, North Dakota Secretary of State, Respondents.

Jack Dalrymple, Governor of North Dakota and Drew Wrigley, Lt. Governor of North Dakota and Al Jaeger, North Dakota Secretary of State, Respondents and Appellees.

No. 20140194.

Supreme Court of North Dakota.

Dec. 18, 2014.

Paul J. Sorum, self-represented, Bismarck, N.D., petitioner and appellant.

Douglas A. Bahr, Office of Attorney General, Bismarck, N.D., for respondents and appellees.

SANDSTROM, Acting Chief Justice.

[¶ 1] Paul Sorum appeals from a district court order denying his January 22, 2014, petition for a writ of mandamus. The petition requested an order compelling Governor Jack Dalrymple and Secretary of State Al Jaeger to execute and enforce North Dakota's election laws by removing the Democratic–NPL and Republican party candidates for governor and lieutenant governor from the 2012 November general election ballot because of improper certification of endorsement by the Secretary of State's office. The writ also sought to invalidate the election results for those offices and certify the election results after disqualifying all ballots made in support of the removed candidates. We affirm.

I

[¶ 2] This case stems from, and raises similar issues to, *Riemers v. Jaeger*, 2013 ND 30, 827 N.W.2d 330. Sorum and Michael Coachman were independent candidates for governor and lieutenant governor in the 2012 North Dakota general election. Dalrymple and Drew Wrigley were the Republican party candidates, and Ryan Taylor and Ellen Chaffee were the Democratic–NPL party candidates in that election. Roland Riemers originally filed for that election as the Libertarian party candidate.

[¶ 3] Richard Ames, Riemers' lieutenant governor candidate and running mate, failed to file a statement-of-interests signature page required to be listed on the primary ballot, and was not listed with Riemers. After the primary, the Secretary of State requested an opinion from the Attorney General reviewing whether Riemers was properly nominated in the primary election. The Attorney General's opinion held state law requires a gubernatorial petition or certification to contain the names and ancillary information of both candidates for office, and the lack of a lieutenant governor candidate prevented Riemers' nomination as a gubernatorial candidate. *See* N.D. Att'y Gen. Op.2012–L–07.

[¶ 4] The Secretary of State removed Riemers as the Libertarian candidate from the 2012 general election ballot. The other candidates were listed on the ballot. On August 30, 2012, Riemers petitioned for a writ of mandamus to remove the Republican and Democratic–NPL party candidates from the ballot because of their improper certification or, alternatively, to list him as the Libertarian candidate. The petition was denied. On appeal, we affirmed the denial because Riemers failed to present all the certificates of endorsement of the Democratic–NPL and Republican gubernatorial candidates, and failed to demonstrate a clear legal right to relief. *Riemers*, 2013 ND 30, ¶¶ 16–17, 827 N.W.2d 330.

[¶ 5] In January 2014, Sorum petitioned the district court for a writ of mandamus under a similar legal argument advanced in *Riemers*. As we previously noted, the petition requested that the court remove the Democratic–NPL and Republican party gubernatorial candidates from the 2012 primary and general election ballots, or otherwise declare their candidacy invalid, eliminate all ballots cast for those candidates, and recalculate the results accordingly. Sorum included the certificates of endorsement for all of the Democratic–NPL and Republican party

candidates with his petition. The district court denied the petition. Citing the concurring opinion in *Riemers v. Jaeger*, the district court held Sorum had not demonstrated a clear legal right to justify the issuance of a writ of mandamus because, while the provisions of electoral law prior to an election are mandatory, the provisions after an election are directory.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–02.

## II

[¶ 7] On appeal, Sorum raises several issues for review. He argues the district court abused its discretion in denying his petition by misapplying or misinterpreting the law following our decision in *Riemers*. Citing N.D.C.C. § 16.1–11–06(2) and the Attorney General's opinion, he asserts the decision in *Riemers* required the Secretary of State to remove the other gubernatorial candidates from the 2012 general election ballot because they were not properly certified. He also claims the district court violated his rights to due process and equal protection under the North Dakota and United States Constitutions in denying his petition. Sorum raises additional claims against opposing counsel and violations of federal employment and discrimination statutes.

[¶ 8] A district court may issue a writ of mandamus "to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." N.D.C.C. § 32–34–01. A district court's decision on whether to issue a writ of mandamus will not be reversed unless the writ should not be issued as a matter of law or the district court abused its discretion. *Wilson v. Koppy*, 2002 ND 179, ¶ 12, 653 N.W.2d 68. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *City of Bismarck v. Mariner Constr., Inc.*, 2006 ND 108, ¶ 8, 714 N.W.2d 484. Within this limited review, we address Sorum's argument the district court abused its discretion by misinterpreting or misapplying the law in denying his petition for a writ of mandamus.

## A

[¶ 9] "[A] petitioner for a writ of mandamus must demonstrate a 'clear legal right' to performance of the particular act sought to be compelled by the writ." *Riemers*, 2013 ND 30, ¶ 10, 827 N.W.2d 330. The petitioner "must further demonstrate there is no other plain, speedy, and adequate remedy in the ordinary course of law." *Id.* Sorum argues the district court abused its discretion in not applying N.D.C.C. § 16.1–11–06(2) to the other gubernatorial candidates, and he has a clear legal right to relief. The relevant portion of the statute reads as follows:

> If the [nominating] petition or certificate of endorsement is for the office of governor and lieutenant governor, the petition or certificate must contain the names and other information required of candidates for both those offices.

N.D.C.C. § 16.1–11–06(2). The Attorney General's opinion on N.D.C.C. § 16.1–11–06(2) stated a gubernatorial and lieutenant governor candidates' certificates of endorsement required naming a running mate and necessary ancillary information. N.D. Att'y Gen. Op.2012–L–07, 4. In light

of the facts found in *Riemers*, the Attorney General's opinion concluded the following:

> This provision of the law was likewise not followed. Because, in this instance, there was no candidate for Lieutenant Governor on the primary election ballot and because the gubernatorial candidate for the Libertarian Party· (who did appear on the primary election ballot) did not name a running mate and other pertinent information required of candidates for both those offices in the nominating petition or certificate of endorsement, the Libertarian Party candidate for Governor was not nominated in accordance with North Dakota law.

N.D. Att'y Gen. Op.2012–L–07, 4.

[¶ 10] Although we are not bound by Attorney General opinions interpreting statutes, we will follow them if they are persuasive. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 47, 598 N.W.2d 820. "We give respectful attention to the attorney general's opinions and follow them when we find them persuasive." *Holmgren v. North Dakota Workers Comp. Bureau*, 455 N.W.2d 200, 204 (N.D.1990). " 'However, Attorney General opinions are not binding upon this court and we will not follow them if they are inconsistent with the statutory interpretation that the court deems reasonable.' " *Sauby v. City of Fargo*, 2008 ND 60, ¶ 12, 747 N.W.2d 65 (quoting *Christianson v. City of Bismarck*, 476 N.W.2d 688, 691 (N.D.1991)).

[¶ 11] The Attorney General's opinion must be read in light of the facts specific to *Riemers*—a gubernatorial candidate seeking placement on the ballot without an accompanying lieutenant governor candidate as required under the statute. The lieutenant governor candidate failed to complete the required documentation including a signed statement of interests prior to the deadline to appear jointly on the primary ballot as a Libertarian party candidate. Without this documentation, the gubernatorial ticket was not complete, and without a joint appearance, neither candidate should be listed on the ballot.

[¶ 12] The opinion noted the North Dakota Constitution requires candidates for governor and lieutenant governor to be listed together and to be elected on a joint ballot. N.D. Att'y Gen. Op.2012–L–07, 4 (citing N.D. Const. art. V, § 3). In *Riemers*, we stated, "The Attorney General's interpretation of the mandatory constitutional requirement of N.D. Const. art. V, § 3 is persuasive, and the Secretary of State correctly applied that opinion." 2013 ND 30, ¶ 21, 827 N.W.2d 330. The Secretary of State did not certify Riemers for the general election ballot, because the North Dakota Constitution requires a running mate for lieutenant governor. *Id.* at ¶ 19.

[¶ 13] The facts in this case are distinguishable because the constitutional requirement that candidates for governor and lieutenant governor be elected on a joint ballot was met by both the Democratic–NPL and Republican party candidates. Rather, Sorum relies on legislative enactments on the proper process by which a person may appear on a joint ballot. This Court has noted the general rule of construction regarding election law is as follows:

> All provisions of election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result, or unless the provisions affect an essential element of the election.

*Kiner v. Well*, 71 N.W.2d 743, 744 Syllabus ¶ 2 (N.D.1955).

[¶ 14] Sorum petitioned for a writ of mandamus after the results of both the primary and general elections were determined. The appropriate time to challenge nominations for elective office and seek relief is prior to the electorate's voting on that election. *Riemers*, 2013 ND 30, ¶ 28, 827 N.W.2d 330 (VandeWalle, C.J., concurring). Sorum does not present any evidence to indicate an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result occurred, or any evidence the certification forms affected an essential element of this election. The substantive information required under the electoral laws was submitted to the Secretary of State's office, although not in the form required by statute. Sorum is not entitled to relief, because the electoral law provisions are now directory under the facts of this case.

### B

[¶ 15] Sorum argues the district court denied him due process under the North Dakota and United States Constitutions. Additional claims alleging violations of federal, state, and professional laws and regulations were made by Sorum against the district court and opposing counsel. "Alleged violations of constitutional rights are reviewed de novo." *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518. "A party must do more than submit bare assertions to adequately raise constitutional issues."

*Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547. Issues are waived if not supported by argument, reasoning, or citations to relevant authorities, and a constitutional claim must provide persuasive authority and reasoning. *Id.*

[¶ 16] Sorum has not provided reasoned argument and authority supporting a violation of his constitutional rights outside of conclusory statements and citations to irrelevant authorities. Sorum's constitutional claims, as well as claims alleging violations of federal and state statutes, are without merit and we do not consider them further.

### III

[¶ 17] The district court did not abuse its discretion in denying Sorum's petition, and we affirm the district court's order.

[¶ 18] DANIEL J. CROTHERS, LISA FAIR McEVERS, CAROL RONNING KAPSNER, JJ., concur.

[¶ 19] The Honorable GERALD W. VANDE WALLE, Chief Justice, disqualified himself subsequent to oral argument and did not participate in this decision.