VandeWalle, Chief Justice.
[¶1] The North Dakota Private Investigative and Security Board appealed, and TigerSwan, LLC and James Reese cross-appealed, from a judgment dismissing the Board's request for an injunction under N.D.C.C. § 43-30-10 prohibiting TigerSwan and Reese from providing private investigative and security services without a license. TigerSwan and Reese also appeal from an order denying their motion for sanctions and attorney fees. Because the district court did not abuse its discretion in denying the injunction or the motion for sanctions and attorney fees, we affirm the judgment and order.
I
[¶2] Reese is the majority interest owner in TigerSwan, which is a limited liability company organized under North Carolina law. TigerSwan is registered as a foreign limited liability company in North Dakota and has listed its business on the Secretary of State's website as providing "security services" and "management consulting." During the protests over construction of the Dakota Access Pipeline, TigerSwan provided services to Energy Transfer Partners. On September 23, 2016, the Board wrote a letter to TigerSwan informing it that "you may be conducting security services without a proper license" and requested a response. TigerSwan denied providing private security services and "submitted a packet to become a licensed private security firm within the state of North Dakota should such services, which are not present at the time, be required from TigerSwan." The Board denied Reese and TigerSwan's application to become licensed private security providers in North Dakota.
[¶3] In June 2017 the Board brought this action against TigerSwan and Reese. Count one alleged that TigerSwan and Reese were illegally providing security services. Count two alleged that they were illegally providing private investigative services. Count three sought an injunction *759 prohibiting them from further violating N.D.C.C. ch. 43-30 and an award of expenses and administrative fees. TigerSwan and Reese filed separate answers denying the allegations. Shortly after the action was commenced, TigerSwan removed all of its employees from North Dakota.
[¶4] After unsuccessful settlement negotiations, TigerSwan and Reese brought a motion to dismiss Reese from the action, a motion for summary judgment dismissing counts one and two of the complaint, a motion for summary judgment to dismiss the request for injunctive relief in count three of the complaint, and a motion in limine to limit or exclude evidence at trial. The district court denied the motion to dismiss Reese from the action, concluding the complaint adequately stated a claim for relief against him. The court denied the motion in limine, concluding the motion was premature. The court also denied the motion to dismiss counts one and two, concluding there were genuine issues of material fact that must be resolved at trial. However, the court granted the motion for summary judgment on count three requesting injunctive relief and dismissed the count without prejudice, reasoning:
Here, TigerSwan argues its employees left North Dakota on or before June 23, 2017. Doc. ID #67 (Exhibit 6). The Board alleges that TigerSwan's assertions should not preclude the Board from seeking an injunction to prevent TigerSwan from returning to North Dakota and resuming the alleged illegal activity. The Board has failed to present evidence to support its position that TigerSwan is currently in North Dakota or may return to North Dakota in the immediate future. Furthermore, the Board has failed to show that this conduct would produce injury to the Board.
[¶5] TigerSwan and Reese then renewed their motion to dismiss counts one and two and the Board's claim for administrative fees for providing services without a license. The district court granted the motion to dismiss the Board's remaining claims, explaining:
Sections 43-30-10 and 43-30-10.1 expressly differentiate between and provides different procedures for civil, criminal, and administrative remedies. The statute does, however, provide a narrow exception in which civil and administrative remedies overlap. The plain language of the statute states, "[i]n addition to issuing the injunction, the court may impose an administrative fee." N.D.C.C. § 43-30-10.
This Court interprets the statute to mean that if an injunction is issued, then the Court may also impose administrative fees. In other words, the issuing of an injunction is a prerequisite to the district court's ability to impose administrative fees. This interpretation is supported both by the plain language of the statute and by the principle of judicial economy.
Here, this Court has dismissed the Board's claim for injunctive relief (Count III). Therefore, there are no civil or criminal claims before the Court. As a result, there is nothing left of the Complaint that is within the purview of the district court. It would be improper for this Court to impose itself on an otherwise regulatory function. As such, this matter must be dismissed in favor of administrative action.
[¶6] The district court denied the Board's motion for reconsideration. The court also denied Reese and TigerSwan's motion for attorney fees under N.D.R.Civ.P. 11 and N.D.C.C. § 28-26-01 and the Board's motion to strike that motion and award it attorney fees under N.D.C.C. § 28-26-01(2). Judgment was entered dismissing the case in its entirety.
*760 II
[¶7] The Board argues the district court erred in dismissing its action against TigerSwan and Reese.
[¶8] This Court's standard of review for summary judgments is well established:
Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.
Heartland State Bank v. Larson , 2019 ND 129, ¶ 7, 927 N.W.2d 407 (quoting Dahms v. Nodak Mutual Ins. Co. , 2018 ND 263, ¶ 6, 920 N.W.2d 293 ).
A
[¶9] The Board is responsible for "regulating persons providing private investigative and security services, including armed security personnel." N.D.C.C. § 43-30-04(1). "A person may not provide private investigative or security services without a license issued by the board." N.D.C.C. § 43-30-05. A "private investigative service" and a "private security service" are broadly defined in N.D.C.C. § 40-30-01(5) and (6) respectively, while specific exemptions are listed in N.D.C.C. §§ 40-30-02, 43-30-02.1, and 43-30-02.2. Sections 43-30-10 and 43-30-10.1, N.D.C.C., specify the methods for dealing with violations of N.D.C.C. ch. 43-30. Section 43-30-10, N.D.C.C., states:
Any person who violates this chapter or rules adopted under this chapter, or any person who provides a private investigative service or private security service without a current license issued by the board, or falsely states or represents that the person has been or is an investigative officer or employed by an investigative or security officer or agency is guilty of a class B misdemeanor. In addition to the criminal penalties provided, the civil remedy of an injunction is available to restrain and enjoin violations of any provisions of this chapter, without proof of actual damages sustained by any person. An injunction does not preclude criminal prosecution and punishment of a violator. The board is not liable for the lost income, costs, or any other expenses that may be incurred by a person against whom an injunction is sought, and the board may not be required to provide security or a bond. The board may seek costs for reimbursement of expenses for obtaining an *761 injunction, including attorney's fees. In addition to issuing the injunction, the court may impose an administrative fee consistent with section 43-30-10.1 if the person has violated a provision of this chapter.
[¶10] Section 43-40-10.1, N.D.C.C., provides:
1. The board may issue a citation to a person who the board finds probable cause to believe has violated section 43-30-10.
2. A citation must be in writing and describe with particularity the nature of the violation. The citation must also inform the person of the provisions of subsection 5. A separate citation must be issued for each violation.
3. If appropriate, the citation must contain an order of abatement fixing a reasonable time for abatement of the violation.
4. The board may assess an administrative fee of:
a. For the first violation, up to two hundred fifty dollars.
b. For the second violation, up to five hundred dollars.
c. For the third or subsequent violation, up to one thousand dollars.
5. To appeal the finding of a violation, the person must request a hearing by written notice of appeal to the board within thirty days after the date of issuance of the citation.
6. An appeal must be heard under the procedures contained in chapter 28-32.
7. A citation does not preclude a civil injunction or the criminal prosecution and punishment of a violator.
B
[¶11] The Board argues the district court erred in concluding it was entitled to an injunction only if it could demonstrate damages in the form of proof TigerSwan is engaging in unlicensed activities or intends to engage in unlicensed activities in the future. The Board also contends the court erred in ruling as a matter of law that TigerSwan ceased all activities under its regulatory authority.
[¶12] We agree with the Board that under the plain terms of N.D.C.C. § 43-30-10, it may be entitled to an injunction "without proof of actual damages sustained by any person." However, the district court did not rule that damages in the form of illegal activity or an intention on the part of TigerSwan to return to North Dakota must be proven. In its order granting the motion to dismiss counts one and two of the complaint, the court clarified its earlier order by stating it "found that, regardless of damages, the Board failed to present reliable evidence to support its position that TigerSwan is currently operating in North Dakota or may return to North Dakota in the near future." The Board argues TigerSwan's claims that it ceased all activities in North Dakota after it was served in this case and its future intentions concerning operations in North Dakota are questions of fact that cannot be resolved on summary judgment. The Board cites to evidence that Reese sought to be licensed in North Dakota, a request the Board ultimately rejected. The Board does not seriously dispute that TigerSwan removed all of its employees from North Dakota in June 2017. We agree with the district court that Reese and TigerSwan's unsuccessful attempt to be licensed in North Dakota is insufficient to raise a genuine issue of material fact that they intended to return to North Dakota and conduct illegal operations.
*762 [¶13] The Board contends the district court erred in denying its N.D.R.Civ.P. 56(f) motion for additional time to complete discovery before ruling on the motion for summary judgment. A court may order a continuance to allow further discovery "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Id. A district court's denial of a request for additional time for discovery under the rule will not be overturned on appeal unless the court abused its discretion. See Alerus Fin., N.A. v. Erwin , 2018 ND 119, ¶ 24, 911 N.W.2d 296. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. See Ayling v. Sens , 2019 ND 114, ¶ 14, 926 N.W.2d 147. In addressing the Board's N.D.R.Civ.P. 56(f) request, the court explained:
Here, the Board had sufficient time to conduct discovery but chose not to. At the hearing on April 2, 2018, Attorney Rogneby candidly admitted that the Board and TigerSwan were actively trying to resolve the matter without litigation and, as a result, the Board had not yet conducted discovery. The Board had ample time to conduct discovery. The Board chose not to conduct discovery. The Board cannot now protest that the Board does not have the information it requires to defend the motion for summary judgment.
The Board has not convinced us that the court abused its discretion in denying its N.D.R.Civ.P. 56(f) motion.
[¶14] The Board argues that the district court erred in denying its request for an injunction, claiming it may seek an injunction based solely on prior illegal activities without any showing of ongoing or future damage or intent. Section 43-30-10, N.D.C.C., provides that "the civil remedy of an injunction is available to restrain and enjoin violations of any provisions of this chapter." The civil remedy of an injunction is provided for by N.D.R.Civ.P. 65, N.D.C.C. ch. 32-05, and N.D.C.C. ch. 32-06. The granting of injunctive relief is equitable in nature and rests in the sound discretion of the district court, and we will not reverse a court's ruling on injunctive relief unless that discretion has been abused. See Martin v. Weckerly , 364 N.W.2d. 93, 98 (N.D. 1985) ; see also Riemers v. Jaeger , 2013 ND 30, ¶ 16, 827 N.W.2d 330 ; Magrinat v. Trinity Hosp. , 540 N.W.2d 625, 628 (N.D. 1995).
[¶15] The Board relies on cases from other jurisdictions which it contends establish that a licensing body need only establish a statutory violation and standing to obtain a restraining order or injunction. See, e.g., Waterfront Comm'n of New York Harbor v. Sea Land Serv., Inc. , 764 F.2d 961, 967 (3d Cir. 1985) (holding court did not abuse its discretion in granting injunction where defendant repeatedly refused to register or license its employees); Waste Disposal, Inc. v. Stewart , 432 So.2d 1255, 1258 (Ala. 1983) (upholding as not "plainly or palpably erroneous" injunction prohibiting defendant from collecting and disposing of solid waste in violation of statute); Telophase Soc. of Fla., Inc. v. State Bd. of Funeral Dirs. and Embalmers , 308 So.2d 606, 608 (Fla. Ct. App. 1975) (upholding injunction based on appellant's violation of statute); State ex rel. Med. Licensing Bd. v. Stetina , 477 N.E.2d 322, 327 (Ind. Ct. App. 1985) (holding court erred in dismissing State's petition for an injunction where uncontradicted evidence established defendant was both engaged in the practice of medicine and unlicensed); State v. Miner , 331 N.W.2d 683, 690 (Iowa 1983) (holding court did not abuse its discretion in granting *763 injunction prohibiting defendant from engaging in the business of brokering or otherwise dealing in the retail sale of motor vehicles unless licensed). We do not find these cases persuasive under the circumstances here for two reasons. First, these cases do not appear to involve situations in which the defendant had left the jurisdiction in which the injunction was sought. Second, with the exception of Stetina , the appellate courts upheld the issuance of the injunctions employing limited standards of review. The Stetina court did not reverse and remand for the issuance of an injunction, but reversed and remanded to allow the defendant to present her evidence. 477 N.E.2d at 329. While these cases may support a court's ability to issue an injunction based solely on prior illegal activities, they do not require that a court do so.
[¶16] On this record, we conclude the district court did not abuse its discretion in denying the Board's request for an injunction.
C
[¶17] The Board argues the district court erred in concluding it could not impose an administrative fee against TigerSwan.
[¶18] We agree with the district court's resolution of this issue. We give words in a statute their plain, ordinary, and commonly understood meaning. See Bride v. Trinity Hosp. , 2019 ND 131, ¶ 7, 927 N.W.2d 416. Section 43-30-10, N.D.C.C., provides criminal and civil remedies for violations of N.D.C.C. ch. 43-30, and N.D.C.C. § 43-30-10.1 provides an administrative remedy which includes the assessment of an administrative fee. Section 43-30-10, N.D.C.C., also allows imposition of an administrative fee, but the fee may be imposed only "[i]n addition to issuing the injunction." Here, the court did not issue an injunction, and consequently, did not err in refusing to impose an administrative fee.
III
[¶19] TigerSwan and Reese argue the district court erred in denying its motion for sanctions and attorney fees against the Board under N.D.R.Civ.P. 11 and N.D.C.C. § 28-26-01.
[¶20] A district court may impose sanctions against an attorney, a represented party, or both, if they violate or are responsible for a violation of N.D.R.Civ.P. 11(b). See Kuntz v. State , 2019 ND 46, ¶ 20, 923 N.W.2d 513. A claim for relief is frivolous for purposes of N.D.C.C. § 28-26-01(2) if there is such a complete absence of facts or law a reasonable person could not have expected a court would render a judgment in that person's favor. See Estate of Hogen , 2019 ND 141, ¶ 11, 927 N.W.2d 474. We review a court's decision under both the rule and the statute for an abuse of discretion. See Kuntz , at ¶ 20 ; Hogen , at ¶ 11.
[¶21] In denying the motion, the district court explained:
Here, both TigerSwan's Motion For Attorney Fees Under Rule 11 and Motion For Attorney Fees Under Section 28-26-01 fail. Case law on the statutes at issue before the Court is virtually non-existent in North Dakota. In fact, the issues raised on appeal in this case, some of which appear to be issues of first impression, highlight the meritorious nature of the Board's position. Although the Court did not adopt the Board's position, the Court finds that the Board's claims were not frivolous. Furthermore, the Board presented a good faith articulation of the law in support of its claim and argument that TigerSwan's alleged withdrawal from the *764 State of North Dakota does not preclude an award of injunctive relief. TigerSwan's assertion that the action was frivolous and continued for the improper purpose of initiating and conducting discovery is without support. Therefore, the Court finds that neither Rule 11(b), nor Section 28-26-01 has been violated by the Board. TigerSwan is not entitled to attorney's fees.
[¶22] We conclude the district court did not abuse its discretion in denying the motion for sanctions and attorney fees. We also deny the Board's request for costs and attorney fees under N.D.R.App.P. 38.
[¶23] TigerSwan and Reese also moved to dismiss the Board's appeal, and the Board requested costs and attorney fees under N.D.R.App.P. 38 for having to respond to the motion. We summarily deny the motion to dismiss and the request for costs and attorney fees.
IV
[¶24] We have considered other arguments raised and conclude they are either unnecessary to the decision or without merit. The judgment and order are affirmed.
[¶25] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Daniel J. Crothers
Jerod E. Tufte
Lisa Fair McEvers
Jensen, Justice, concurring specially.
[¶26] I concur with and I have signed the majority's well-written opinion. I write separately to note the dismissal of counts one and two by the district court did not resolve the potential regulatory action regarding the alleged licensing violations asserted by the Board in counts one and two of its complaint. In counts one and two, the Board sought administrative fees pursuant to N.D.C.C. § 43-30-10.1. As quoted in ¶ 5 of the majority opinion, in dismissing counts one and two, the court provided the following exceptional summary of the statutory interplay between N.D.C.C. § 43-30-10 and N.D.C.C. § 43-30-10.1 :
Here, this Court has dismissed the Board's claim for injunctive relief (Count III) [ N.D.C.C. § 43-30-10 ]. Therefore, there are no civil or criminal claims before the Court. As a result, there is nothing left of the Complaint that is within the purview of the district court. It would be improper for this Court to impose itself on an otherwise regulatory function. As such, this matter must be dismissed in favor of administrative action. [ N.D.C.C. § 43-30-10.1 ].
(Bracketed citations added).
[¶27] As determined by the district court, after the injunction request had been denied, the remaining regulatory claims under N.D.C.C. § 43-30-10.1 were properly dismissed to be resolved administratively.
[¶28] Jon J. Jensen