RICHLAND COUNTY WATER RE-SOURCE BOARD, a political subdivision of the State of North Dakota, Plaintiff and Appellant,

v.

Albin PRIBBERNOW, Defendant and Appellee.

Civ. No. 880329.

Supreme Court of North Dakota.

July 17, 1989.

Ohnstad Twichell, West Fargo, for plaintiff and appellant; argued by Duane R. Breitling.

Glenn M. Fenske (argued), Fargo, for defendant and appellee.

GIERKE, Justice.

The Richland County Water Resource Board [Board] has appealed from part of a district court judgment entered in the Board's eminent domain action to acquire three acres of land owned by Albin Pribbernow. We dismiss the appeal.

On October 3, 1986, the Board awarded a contract to clean out Richland County Drain No. 65 at a cost of $82,018.50, of which $27,745 was paid by the State Water Commission. The Board then commenced an eminent domain action to acquire three acres of Pribbernow's land for the project. Pribbernow asserted that the Board had exceeded its authority by awarding the con-

tract for the project without first obtaining the approval of a majority of the landowners. The district court concluded that the Board was entitled to the permanent easement it sought and awarded Pribbernow damages of $2,400 for the property. The court issued a memorandum opinion in which it determined that under § 61–21–46, N.D.C.C.:

"The original cost of the contract, then, was $82,018.50 which, when reduced by the state contribution of $27,-745.00, indicates that the Water Resource Board had an obligation to pay $54,273.50, $1,912.10 more than the total amount which could be levied by the Board in any two-year period, $52,361.40. I conclude, therefore, that Mr. Pribbernow is correct and that the Board should have obtained an affirmative vote of the majority of the landowners before it proceeded with this project."

The judgment granted the Board a permanent easement and awarded Pribbernow damages of $2,400 for the property, plus costs and attorney fees. The judgment also provided:

"Thereafter, the parties submitted Briefs and the Court, by and through the Honorable Robert L. Eckert, on May 24, 1988, did issue its Memorandum Opinion, a copy of which is marked 'Exhibit A', annexed hereto, and by reference made a part hereof as much as if the same were recited herein in its entirety."

The Board appealed from that part of the judgment and has requested that we remand the matter to the district court with directions to amend the judgment to provide that the maximum levy for any two-year period for Drain No. 65 is $76,083.00; that the Board did not need the approval of a majority of landowners before contracting for the cleaning and repair of Drain No. 65; and that the obligation incurred for the cleaning and repair of the drain was less than the sum that would have required the Board to seek the approval of a majority of the landowners.

■ The district court's memorandum opinion was an advisory opinion unneces-sary to the determination of any controversy between the parties. The advisory nature of the court's memorandum opinion is evident in the following passage from the first paragraph of that opinion:

"The value of the land is not in dispute. Mr. Pribbernow contends, however, that the Water Resource Board entered into a contract to clean out and repair the drain without statutory authority. He basically asserts that before the Water Resource Board could enter into a contract for the improvement that it was first required to obtain the approval of a majority of the landowners. Although I agree with Mr. Pribbernow that the Water Resource Board should have secured the approval of a majority of the landowners, I conclude that no relief can be granted to him by this Court as the contract has already been let, the project completed, and any right to appeal from the decision of the Board or seek any other legal relief has long since past."

"It is well settled that courts cannot give advisory opinions." *State ex rel. Spaeth v. Meiers,* 403 N.W.2d 392, 393 n. 1 (N.D. 1987). When the district court determined that no relief could be granted, the court should not have issued its memorandum opinion on the correctness of the Board's action. Courts should "not issue advisory opinions on questions for which no meaningful relief can be granted." *Gainey v. Gainey,* 279 S.C. 68, 301 S.E.2d 763, 764 (1983).

■ Pribbernow contends that the judgment is a declaratory judgment on the Board's assessment authority. For a declaratory judgment action, there must be a justiciable controversy. *United Pacific Ins. Co. v. Aetna Ins. Co.,* 311 N.W.2d 170 (N.D.1981). "A mere difference of opinion ... does not constitute a genuine controversy." *Barbour v. Little,* 37 N.C.App. 686, 247 S.E.2d 252, 255 (1978). "The Uniform Declaratory Judgments Act does not give a court the power to render advisory opinions or determine questions not essential to the decision of an actual controver-

sy." *Davis v. Dairyland County Mut. Ins. Co. of Texas*, 582 S.W.2d 591, 593 (Tex.Ct.Civ.App.1979). Since the district court could grant no relief, its memorandum opinion on the correctness of the Board's action was advisory only, determining questions not essential to the decision of an actual controversy. Furthermore, the Board's violation, if any, of Pribbernow's rights had already occurred, rendering declaratory relief inappropriate. "Once rights are violated, declaratory relief is inappropriate." *Allen v. City of Minot*, 363 N.W.2d 553, 554 n. 1 (N.D.1985).

To grant the Board the relief it seeks would require that we also issue an advisory opinion. We may not give purely advisory opinions. *G.W. Jones Lumber Co. v. City of Marmarth*, 67 N.D. 309, 272 N.W. 190 (1937). Our decisions "must be limited to questions involving existing rights in real controversies." *Gernand v. Ost Services, Inc.*, 298 N.W.2d 500, 503 (N.D.1980). Because any opinion we might issue on the merits would be advisory only, we dismiss the appeal.

Appeal dismissed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.