2017 ND 262

**TJ HAUGRUD, Plaintiff and Appellee**

v.

**Jesse CRAIG, Defendant and Appellant**

**No. 20170157**

Supreme Court of North Dakota.

Filed 11/16/2017

Sean T. Foss, Fargo, ND, for plaintiff and appellee.

Lee M. Grossman and Jesse D. Maier (on brief), Fargo, ND, for defendant and appellant.

Crothers, Justice.

[¶ 1] Jesse Craig appeals from a judgment awarding TJ Haugrud $120,000 plus interest on Haugrud's breach of contract claim against Craig, dismissing Craig's counterclaims against Haugrud, and sanctioning Craig's attorney $5,000. We affirm the district court's grant of summary judgment on Haugrud's breach of contract claim. We reverse its dismissal of Craig's counterclaims on the pleadings and the sanction, and remand for further proceedings.

I

[¶ 2] In August 2015, Haugrud and Craig formed Acquisition, LLC, for the purpose of developing, owning and manag-

ing real estate, and each were 50 percent owners of the limited liability company. In October 2016, Haugrud and Craig entered into a written agreement for Craig to purchase Haugrud's interest in the company for $130,000 payable in two installments. Craig paid $10,000 by November 1, 2016 for the first installment, but did not pay the $120,000 second installment which was due by December 1, 2016.

[¶ 3] Haugrud sued Craig for breach of contract seeking the unpaid installment of $120,000. Craig filed a counterclaim against Haugrud alleging actual fraud, constructive fraud, deceit, unintentional misrepresentation, and civil conspiracy in connection with the parties' business dealings, including transactions between their respective business entities that were not made parties to the lawsuit. Craig's counterclaim appears to be based generally on four business transactions. First, after Haugrud sold his interest in Acquisition to Craig, Acquisition sold a property and distributed $30,000 of the sale proceeds to Haugrud, even though that distribution was not required by the purchase agreement. Second, Acquisition transferred real property to THJ Development, LLC, which is owned by Haugrud. Third, Craig is the sole owner of 220 West, LLC, which in turn is the actual owner of an apartment project under construction. 220 West hired H2 Incorporated, owned by Haugrud, as the general contractor. Craig claims H2 Incorporated committed a variety of actionable misconduct regarding the apartment building project. Fourth, Craig claimed misconduct on the part of Haugrud in connection with the purchase agreement for Acquisition and contended all of these transactions were intended "to offset against one another." Craig sought an award of $133,981.47 to be offset against any award Haugrud might obtain on his breach of contract action.

[¶ 4] Haugrud moved for summary judgment under N.D.R.Civ.P. 56 on his breach of contract claim, moved for dismissal of Craig's counterclaims under N.D.R.Civ.P. 12(b)(6), and sought sanctions against Craig under N.D.R.Civ.P. 11 alleging the counterclaims were not warranted under existing law and lacked evidentiary support. Craig responded that summary judgment was inappropriate because "there were more deals at play outside" the Acquisition agreement and sought additional time for discovery under N.D.R.Civ.P. 56(f). The district court granted summary judgment on Haugrud's breach of contract claim because Craig "conceded" he failed to make the second installment payment required by the contract. The court also dismissed Craig's counterclaims for failure to state claims upon which relief can be granted because Craig "treats [Haugrud] as an individual with respect of his sole interest" in the limited liability companies, Craig "made no allegation to pierce the corporate veil," and Craig "treats his own interest" in the limited liability companies "as giving rise to personal claims" which belong to the separate entities. The court further found Craig's "attempt to make [Haugrud] responsible as a shareholder of a corporation, the obligations of the corporation, is not grounded in law" and awarded Haugrud $5,000 in attorney fees as a sanction assessed against Craig's counsel.

II

[¶ 5] Craig argues the district court erred in granting summary judgment on Haugrud's breach of contract claim.

[¶ 6] In *Hokanson v. Zeigler*, 2017 ND 197, ¶ 14, 900 N.W.2d 48, we explained:
"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be

drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

(quoting *Tibert v. Nodak Mut. Ins. Co.*, 2012 ND 81, ¶ 8, 816 N.W.2d 31).

[¶ 7] The facts involving the breach of contract claim are undisputed. In October 2016, Haugrud and Craig in their individual capacities entered into the Acquisition purchase agreement. Haugrud transferred all of his interest in the company to Craig and Craig paid Haugrud $10,000 for the first installment by November 1, 2016. Craig failed to pay the $120,000 second installment by December 1, 2016 as required under the parties' agreement.

[¶ 8] Viewing the undisputed facts in the light most favorable to Craig, the district court did not err in granting summary judgment on Haugrud's breach of contract claim.

### III.

[¶ 9] Craig argues the district court erred in dismissing his counterclaims against Haugrud for failure to state claims upon which relief can be granted.

[¶ 10] In *Gaede v. Bertsch*, 2017 ND 69, ¶ 9, 891 N.W.2d 760, we explained:

"A district court decision to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) is reviewed de novo on appeal. *In re Estate of Nelson*, 2015 ND 122, ¶ 5, 863 N.W.2d 521. 'A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests the legal sufficiency of the claim presented in the complaint.' *Nelson*, at ¶ 5 (quoting *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827). On appeal, we construe the complaint in the light most favorable to the plaintiff and accept the well-pleaded allegations as true. *Nelson*, at ¶ 5. 'We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot discern a potential for proof to support it.' *In re Estate of Dionne*, 2013 ND 40, ¶ 11, 827 N.W.2d 555 (quoting *Ziegelmann v. DaimlerChrysler Corp.*, 2002 ND 134, ¶ 5, 649 N.W.2d 556)."

Our Rule 12(b)(6) jurisprudence for testing the legal sufficiency of claims in a complaint applies equally to counterclaims. *See* N.D.R.Civ.P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . [or] by motion.").

[¶ 11] The district court based dismissal of the counterclaims on its view that the counterclaims treat Craig's own interests in Acquisition and 220 West as giving rise to personal claims, and treat Haugrud as an individual with respect to his interests in THJ Development and H2 Incorporated. It is well settled that a corporation and its shareholders are separate and distinct entities and its shareholders are generally not personally liable for corporate actions. *Fed. Sav. and Loan Ins. Corp. v. Morque*, 372 N.W.2d 872, 876 (N.D. 1985); *Dangerud v. Dobesh*, 353

N.W.2d 328, 331 n.2 (N.D. 1984); *Airvator, Inc. v. Turtle Mountain Mfg. Co.*, 329 N.W.2d 596, 602 (N.D. 1983). Equally settled is that a LLC and its members are separate and distinct entities and its members generally are not personally liable for company actions. *See Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC,* 2016 ND 176, ¶ 22, 883 N.W.2d 917; *Arrow Midstream Holdings, LLC v. 3 Bears Constr., LLC*, 2015 ND 302, ¶ 14, 873 N.W.2d 16; N.D.C.C. § 10–32.1–26; A. Wooster, Annot., *Construction and application of limited liability company acts—issues relating to personal liability of individual members and managers of limited liability company as to third parties,* 47 A.L.R. 6th 1 (2009), and cases collected therein. "Individual shareholders generally have no right to bring actions in their individual names and on their own behalf for a wrong committed against the corporation." *Nodak Mut. Ins. Co. v. Ward Cty. Farm Bureau,* 2004 ND 60, ¶ 15, 676 N.W.2d 752; *see also Marhula v. Grand Forks Curling Club, Inc.,* 2015 ND 130, ¶ 11, 863 N.W.2d 503; *Littlefield v. Union State Bank,* 500 N.W.2d 881, 885 (N.D. 1993); *Fisher v. Pederson,* 100 N.W.2d 156, 159 (N.D. 1959); N.D.C.C. § 10–32.1–34; Annot., *Construction and application of limited liability company acts—issues relating to derivative actions and actions between members of limited liability company,* 48 A.L.R. 6th 1, §§ 4–9 (2009), and cases collected therein. "The shareholder standing rule applies even if the plaintiff is the sole shareholder of the corporation." *Potthoff v. Morin,* 245 F.3d 710, 716 (8th Cir. 2001); *see also Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 603 (6th Cir. 1988), and cases collected therein.

■ [¶ 12] Craig argues Haugrud is personally liable for his own wrongful conduct as an agent for his limited liability company and corporation. *See Wills v. Schroeder Aviation, Inc.*, 390 N.W.2d 544, 547 (N.D. 1986) ("It is well settled that '[a] corporate agent cannot shield himself from personal liability for a tort he personally commits or participates in by hiding behind the corporate entity; ....'" (internal citation omitted)). Craig also contends he has standing to sue individually under the exception to the shareholder standing rule "allowing a shareholder with a direct, personal interest in a cause of action to bring suit even if the corporation's rights are also implicated." *Franchise Tax Bd. v. Alcan Aluminium Ltd.,* 493 U.S. 331, 336, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990); *see also Ward Cty. Farm Bureau,* 2004 ND 60, ¶ 15, 676 N.W.2d 752 ("To have standing to sue individually, the shareholder must allege an injury separate and distinct from other shareholders, or a wrong involving a contractual right of the shareholder that exists independently of any right of the corporation." (internal citation omitted)),.

[¶ 13] Craig further argues this is a proper case to apply a "setoff or offset" to adjust their mutual debts. *Forbes Equity Exch., Inc. v. Jensen,* 2014 ND 11, ¶ 11, 841 N.W.2d 759. In *Collection Ctr., Inc. v. Bydal,* 2011 ND 63, ¶ 44, 795 N.W.2d 667, we explained:

> " 'Setoff is a form of counterclaim which a defendant may urge by way of defense or to obtain a judgment for whatever balance is due.' *Trueheart v. Braselton,* 875 S.W.2d 412, 415 (Tex.Ct.App.1994). 'Setoff is the doctrine of bringing into the presence of each other the obligation of A to B and B to A and by the judicial action of the court making each obligation extinguish the other.' *Id.* (quotations omitted). Setoff requires mutuality of the parties, such that 'debts and credits are mutual when they are due to and from same person in same capacity.' 80

C.J.S. *Set-off and Counterclaim* § 66 (2010):

> In accordance with the general rules requiring mutuality of the debts or demands, ordinarily a claim against the plaintiff in a representative capacity cannot be set off in a suit brought in his or her individual capacity, and vice versa, and an individual demand against the plaintiff suing in a representative capacity cannot be counterclaimed. Thus, the director of a corporation, sued in an individual capacity, cannot assert a derivative claim that could only be asserted by the corporation, itself, as a counterclaim. Similarly, when the cause of action sued on is the defendant's failure to fulfill an official or fiduciary obligation, the defendant cannot set off a debt due from the plaintiff to him or her in an individual capacity.
>
> 'Capacity,' for the purposes of determining whether set-off may be allowed for a debt due to and from a person in the same capacity, means legal capacity, *e.g.*, principal, agent, trustee, beneficiary.
>
> 80 C.J.S. *Set-off and Counterclaim* § 71 (2010) (emphasis added)."

■ [¶ 14] The district court dismissed the counterclaims on the pleadings under N.D.R.Civ.P. 12(b)(6). Under North Dakota notice pleading requirements, a complaint or counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" N.D.R.Civ.P. 8(a)(1). Craig has alleged claims concerning Haugrud's actions relating to the October 2016 "Acquisition Membership Interest Purchase Agreement" which was executed by Craig and Haugrud in their individual capacities. For example, Craig claimed Haugrud committed deceit without identifying any legal entity or transaction allegedly involved.

"Deceit is a tort available when a party has breached an obligation imposed by law to honestly deal with another party." *Irish Oil and Gas, Inc. v. Riemer*, 2011 ND 22, ¶ 28, 794 N.W.2d 715. After paraphrasing the elements of deceit under N.D.C.C. § 9–10–02, Craig claimed "Haugrud willfully deceived Craig with intent to induce Craig to alter Craig's position to Craig's potential risk" and sought "at least $133,981.47" in damages. Craig also alleged a claim for unintentional misrepresentation regarding the Acquisition Membership Interest Purchase Agreement as well as the other agreements, asserting Haugrud made a "false statement" in "reckless disregard for the truth" and Craig relied on the "false statements" suffering the same amount of damages. Specifically, Craig alleged in his counterclaim:

> "Haugrud represented to Craig that Haugrud needed Craig to agree to the Acquisition Membership Interest Purchase Agreement, the 1023 1st Ave Transaction, the Oak Ridge Transaction, the Oak Ridge Property Offset, the Oak Ridge Mortgage, and the Escrow Agreement to continue H2's operations and solve cash flow problems.

> "Upon information and belief, Haugrud negotiated and structured the Acquisition Membership Interest Purchase Agreement, the 1023 1st Ave Transaction, the Oak Ridge Transaction, the Oak Ridge Property Offset, the Oak Ridge Mortgage, and the Escrow Agreement in an effort to get cash now and prevent creditors like 220 West from collecting from H2.

> "Haugrud suppressed the fact that he purposefully negotiated and structured the Acquisition Membership Interest Purchase Agreement, the 1023 1st Ave Transaction, the Oak Ridge Transaction, the Oak Ridge Property Offset, the Oak Ridge Mortgage, and the Escrow Agreement in an effort to get cash now and

prevent creditors like 220 West from collecting from H2.

"Haugrud's misrepresentations and suppressions of fact induced Craig to agree with Haugrud to enter into Acquisition Membership Interest Purchase Agreement, the 1023 1st Ave Transaction, the Oak Ridge Transaction, the Oak Ridge Property Offset, and the Escrow Agreement."

[¶ 15] Construing the counterclaims in the light most favorable to Craig, we can discern a potential for proof to support Craig's counterclaims for Haugrud's alleged deceit or misrepresentation. The counterclaims are legally sufficient to state a claim by Craig against Haugrud, and the district court erred in dismissing them under N.D.R.Civ.P. 12(b)(6). We further note without holding either way that on remand Craig may be able to establish facts supporting his claim under the shareholder standing rule, to establish Haugrud's personal liability for actions taken on behalf of a corporation or LLC, or that the setoff counterclaim can be proven.

### IV

[¶ 16] Because we reverse dismissal of Craig's counterclaims, the district court erred in assessing $5,000 in attorney fees against Craig's counsel as a sanction under N.D.R.Civ.P. 11. We deny Haugrud's request for double costs and attorney fees under N.D.R.App.P. 38. We do not address other arguments raised because they either are unnecessary to the decision or are without merit. We affirm the court's grant of summary judgment on Haugrud's breach of contract claim, and reverse its dismissal of Craig's counterclaims and the sanction and remand for further proceedings.

[¶ 17] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.